**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DEBRA M. MAHONEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIV 03-2260 PHX NVW (MEA)** |
| ) | |
| ARIZONA DEPARTMENT OF ) | |
| CORRECTIONS, CORRECTIONAL ) | |
| HEALTH,  DORA SCHRIRO, ) | |
| MARY HENNESSY, A. W. RIBBONS, ) | |
| JOANN SMITH, CAPTAIN BOOL, ) | |
| OFFICER TURNER, OFFICER LYNCH, ) | |
| LARRY CLAUSEN, TOM REID, ) | |
| OFFICER BAIORI, OFFICER PALMER, ) | |
| OFFICER TUTTLE, OFFICER FINK, ) | |
| OFFICER YOUNG, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the Court is Defendant Bool and Lynch's Motion for Summary Judgment (Doc. #27).[1]

**I Procedural History**

Plaintiff filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 on November 17, 2003.  (Doc. #1).  On June 6, 2003, the Court ordered Defendant Bool and Defendant Lynch to answer Plaintiff's claim that Defendants violated her constitutional rights by subjecting her to cruel and unusual punishment.  (Doc. #7).  Defendants filed an answer to the complaint on October 26, 2004.  (Doc. #12).

---

[1] All other named Defendants have been dismissed from this matter.  *See* Doc. #7.

On July 13, 2005, Plaintiff filed a motion seeking an extension of the time allowed to file a motion for summary judgment in this matter. (Doc. #26). The motion was granted and the deadline for filing motions for summary judgment in this matter was extended to September 12, 2005. (Doc. #29) (dated July 21, 2005).

On July 18, 2005, Defendants filed a motion for summary judgment and a statement of facts in support of their motion for summary judgment. (Doc. #27 & Doc. #28). On July 27, 2005, Plaintiff was warned by the Court that her failure to respond to Defendants' motion for summary judgment within thirty days could be deemed as consent to the entry of judgment against Plaintiff, pursuant to Rule 7.2(i), Local Rules of Civil Procedure for the United States District Court for the District of Arizona.[2] (Doc. #30). Plaintiff has not responded to or otherwise opposed Defendants' motion for summary judgment, nor did Plaintiff file a separate motion for summary judgment prior to the Court's extended deadline of September 12, 2005.

Plaintiff's complaint alleges that she was subjected to conditions of confinement which violated her rights pursuant to the Eight Amendment. Plaintiff contends that Defendant Lynch acted with deliberate indifference to Plaintiff's serious medical needs by failing to assign a cellmate to Plaintiff's cell. The complaint also asserts that Defendant Bool ignored Plaintiff's reports of bedbugs in her mattress.

Defendants assert that Plaintiff's Eighth Amendment claim must be dismissed because Plaintiff cannot demonstrate that Defendants exhibited deliberate indifference to her serious medical needs.

**II Analysis**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the pleadings, depositions, affidavits, answers to interrogatories, and admissions on file show that there is no genuine dispute regarding the material facts of the case and the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c) (2005); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must evaluate a

---

[2] Prior to December 1, 2004, this rule was designated as Local Rule 1.10.

-2-

party's motion for summary judgment construing the alleged facts with all reasonable inferences favoring the nonmoving party. *See Baldwin v. Trailer Inns, Inc.*, 266 F.3d 1104, 1117 (9th Cir. 2001).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of any genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden with a properly supported motion, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. *See also Citadel Holding Corp. v. Roven*, 26 F.3d 960, 964 (9th Cir. 1994).

To prevail in a section 1983 medical claim alleging violation of the Eighth Amendment, a plaintiff must show that the defendant acted with "deliberate indifference to [her] serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The plaintiff must demonstrate that a specific defendant, despite his or her knowledge of a substantial risk of serious harm to the plaintiff, failed to take reasonable measures to abate the harm. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Defendants assert that there are no genuine issues of material fact preventing summary judgment in their favor. Plaintiff has not made any showing establishing the existence of any element essential to her claims in opposition to Defendants' motion for judgment as a matter of law in their favor. Plaintiff offers no evidence, not even a sworn statement, that either Defendant had knowledge of a substantial risk of serious harm to her, or that either Defendant failed to take reasonable measures to abate the risk of harm.

The Local Civil Rules for the United States District Court for the District of Arizona, Rule 7.2(i), provide that a party's failure to respond to a motion for summary judgment

may, in the Court's discretion, be deemed a consent to the Court's granting of judgment in favor of the movant. *See Brydges v. Lewis*, 18 F.3d 651, 652-53 (9th Cir. 1994). When the Court has warned the non-moving part that their failure to respond "'shall constitute a consent'" to the granting of the motion, the Court may properly exercise its discretion to grant the motion for judgment as a matter of law based on the non-moving party's construed consent. *Id. See also Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) (noting, however, that the Court's discretion "is necessarily abused when exercised to grant a motion for summary judgment where the movant's papers are insufficient to support that motion or on their face reveal a genuine issue of material fact."); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (holding that district court did not abuse its discretion in summarily granting defendants' motion to dismiss pursuant to local rule where pro se plaintiff had time to respond to motion but failed to do so).

Nevertheless, this court has considered Defendants' Motion for Summary Judgment on its merits and grants it on its merits, in the absence of any controverting evidence on the material facts that entitle the remaining Defendants to summary judgment.

**III CONCLUSION**

Defendants' motion for summary judgment denies the factual basis for Plaintiff's claims, i.e., that Defendants knew of and disregarded a substantial risk of harm to Plaintiff. Plaintiff has not demonstrated the existence of a genuine fact for trial by producing controverting evidence or by contesting Defendants' statement of facts in support of their motion for summary judgment. Because Plaintiff failed to respond to the motion for judgment in Defendants' favor, although she was warned his case could be dismissed for her failure to do so, and because Defendants deny the underlying factual basis for Plaintiff's claim, summary judgment in favor of Defendants is appropriate.

**IT IS THEREFORE ORDERED THAT** Defendants' Motion for Summary Judgment (Doc. #27) is **GRANTED**. **Judgment with prejudice** is hereby entered in favor of Defendants and against Plaintiff on all claims stated in Plaintiff's complaint, and Plaintiff is to take nothing thereby.

**IT IS FURTHER ORDERED** that, as a result of summary judgment having been granted in favor of Defendants, the Clerk of the Court shall enter judgment accordingly and shall terminate this action.

DATED this 18th day of October, 2005.

_____
Neil V. Wake
United States District Judge